KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
KEVIN W. REAGER, State Bar No. 178478
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5331
 Fax: (916) 322-8288
 E-mail: Kevin.Reager@doj.ca.gov
Attorneys for Defendant Officer Gooch

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MIYA SIMPSON,<br><br>                              Plaintiff,<br><br>v.<br><br>OFFICER GOOCH (Badge 12931); and DOES 1 through 40, et al.,<br><br>                              Defendants. | 2:13-cv-1483-JAM-AC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:           April 22, 2015<br>Time:          9:30 a.m.<br>Courtroom:  6, 14th Floor<br>Judge:         The Honorable John A. Mendez<br>Trial Date:   July 13, 2015<br>Action Filed: July 23, 2013 |

TO PLAINTIFF MIYA SIMPSON AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 22, 2015, at 9:30 a.m., in Courtroom 6 of the above entitled court located at 501 I Street, Sacramento, California, Defendant Officer Gooch will, and hereby does, move the court for summary judgment or adjudication as a matter of law pursuant to Federal Rules of Civil Procedure, Rule 56. The motion is based upon this notice, the accompanying memorandum of points and authorities, Defendant's Separate Statement of

///

///

1

Undisputed Facts, the Declaration of Kevin W. Reager with exhibits thereto as well as any evidence as may be offered in reply to any opposition.

Dated: March 25, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General

/s/ Kevin W. Reager

KEVIN W. REAGER
Deputy Attorney General
*Attorneys for Defendant*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action arises out of Plaintiff's arrest on suspicion of driving under the influence (DUI) in June of 2012. The complaint asserts three claims for relief. Only the first, "Unreasonable Seizure," is alleged against Defendant California Highway Patrol Officer Craig Gooch. The second and third claims are for "Individual Supervisory Liability" and are asserted against "DOE" defendants. Officer Gooch brings this motion on the grounds that the objective facts known to him at the time were sufficient to establish probable cause to arrest Ms. Simpson because she appeared to be under the influence of drugs and because she posed a risk to the health and safety of herself and others. At a minimum, the objective facts known to Officer Gooch were sufficient for a reasonable officer to have believed that probable cause existed for the arrest and he is entitled to qualified immunity.

### II. STATEMENT OF FACTS

At shortly after midnight on the morning of June 28, 2012, Officer Gooch was on his regular road patrol when he received a call from dispatch requesting that he assist Sacramento County Sheriff's Office in investigating a potential DUI. (Deposition Transcript of Officer Gooch (Gooch depo.), 35:4-7, attached as Exhibit A to the Declaration of Kevin W. Reager.) Officer Gooch and his partner responded to the scene on Marconi Avenue. Prior to making any contact with Ms. Simpson, Officer Gooch had been advised that emergency dispatch received a call from a Taco Bell employee reporting that a person was sleeping or passed out in their drive through. (Gooch depo., 43:20-24.) The Sheriff's Office had dispatched units to respond. When the Sheriff's Officers arrived at the Taco Bell several minutes later, Ms. Simpson was still in the drive through. (Gooch depo., Ex. 6) One of the officers got out of his car and approached her. Ms. Simpson stared straight ahead and drove off without responding to the officer or obeying his commands to stop. (Gooch depo., 44:17-23, Ex. 6.) The officers followed Ms. Simpson onto Marconi Avenue and executed a traffic stop. (Gooch depo., 44:24-45:1, Ex. 6.)

Ms. Simpson pulled over and rolled her window down a few inches and complied with an officer's request to produce her driver's license. When asked to step out of the car so that they

3

could evaluate her condition, she refused. (Gooch depo., 45:11-14; 53:9-15, Ex. 6.) After several minutes of a standoff with Ms. Simpson refusing to cooperate, she finally agreed to comply if the California Highway Patrol came to the scene. (Id. at 45:14-16.) Accordingly, the Sheriff's Officers called CHP dispatch and requested assistance. (Gooch depo., Ex. 6.)

When Officer Gooch arrived, Ms. Simpson got out of her car. Officer Gooch explained that he was there to evaluate whether she may be driving under the influence. (Gooch depo., 51:10-14.) Ms. Simpson denied that she had been drinking. While talking with her, Officer Gooch observed that Ms. Simpson was experiencing extreme mood swings going from acting very tired to wide awake and then back to tired. (Gooch depo., 66:15-16.) He also observed that her eyes were watery. (Gooch depo., 66:17-21.) Based upon the information conveyed to him regarding the incident at Taco Bell, his observations of her mood swings and the watery eyes, Officer Gooch decided to administer field sobriety tests to determine whether Ms. Simpson may be under the influence of drugs or alcohol.

Officer Gooch administered several field sobriety tests. (Gooch depo., 59:5-7.) He first administered the Romberg test. (Gooch depo., 60:2-3.) In that test, the individual is to stand with their feet together, with their hands down at their side. They are to look straight up at the sky, if possible, and close their eyes. They then are to estimate when thirty seconds have passed and then open their eyes, lower their head and say "thirty." (Gooch depo., 60:4-14.) Officer Gooch observed that when Ms. Simpson performed the test, she was swaying approximately 3 to 5 inches off center side to side and back to front. (Gooch depo., 62:5-8.) She also was unable to accurately estimate thirty seconds. (Gooch depo., 62:25-63:3.)

Officer Gooch then administered the one leg standing test wherein the person is to lift one leg approximately 6 inches, point their toes down and to look at their foot. (Gooch depo., 64:22-65:2.) As the person is looking down at their foot, they are to count out loud to thirty. If their foot touches the ground, they are to lift it again and keep counting without starting over. (Gooch depo., 65:2-8.) Ms. Simpson performed the test without any noteworthy deviations. (Gooch depo., 65:14-16.)

///

The next test administered was the gaze nystagmus. (Gooch depo., 68:19-21.) Officer Gooch took out a pencil with a blue tip and instructed Ms. Simpson to follow the blue tip with her eyes but not move her head. (Gooch depo., 68:22-69:2.) Ms. Simpson did not follow the blue tip smoothly as it was moved side to side. (Gooch depo., 70:8-14.)

Officer Gooch then administered Preliminary Alcohol Screening (PAS) breath test. (Gooch depo., 71:12-14.) Ms. Simpson passed the test.

During the course of the tests, Ms. Simpson was continuously using profanity and being aggressive with the officers. (Gooch depo., 72:15-18.) At one point, she balled up her hands into fists and took an aggressive stance as if she was going to hit Officer Gooch. (Gooch depo., 72:18-20.) Ms. Simpson is a kick boxing instructor. (Deposition Transcript of Miya Simpson (Simpson depo.), 19:13-16, attached as Exhibit B to the Reager dec.) Officer Gooch advised her that assaulting an officer is a felony and that it would not be a good idea. (Gooch depo., 73:6-11.) During the course of the tests, Ms. Simpson was going from very angry and agitated to unresponsive with a blank stare. (Gooch depo., 84:2-15.)

Officer Gooch asked Ms. Simpson if she had taken any type of medications or drugs. (Gooch depo., 76:22-25.) Ms. Simpson again became irate and denied any such use. (Gooch depo., 77:1-4.) Officer Gooch told her that he was concerned that she may be under the influence of drugs because of her erratic behavior and demeanor. (Gooch depo., 77:7-9.)

Officer Gooch then had a conversation with her about what was going on that night, where she had been and what she had been doing. (Gooch depo., 81:13-16.) When she explained what she had been doing, Officer Gooch observed that she could not account for approximately an hour to an hour and a half of time from the time she left her house to go to Taco Bell until she was contacted by the Sacramento County Sheriff's Officers. (Gooch depo., 83:8-19.) As she repeated in her deposition, Ms. Simpson told Officer Gooch at the scene that she left her house at 10:00 p.m. and drove to the Taco Bell where she spent less than ten minutes. (Simpson depo., 37:6-14.) She was then pulled over as she left. According to Ms. Simpson, the officers pulled her over at approximately 10:30 p.m. to 10:45 p.m. (Simpson depo., 37:15-17.) The Sheriff's officers actually were dispatched to the Taco Bell shortly after midnight. (Gooch depo., Ex. 6.) Officer

Gooch arrived at the scene at approximately 12:15 a.m. (Gooch depo., 41:20-23.) These facts showed that Ms. Simpson's estimate that she was at the Taco Bell for less than ten minutes was off by at least an hour to an hour and half and was consistent with the information Officer Gooch had obtained that she was "passed out" in the drive through. During the conversation, Ms. Simpson was displaying heavy mood swings going from angry and agitated to confused with a blank stare and unresponsive. (Gooch depo., 83:20-84:1.)

At that point, based upon the totality of the circumstances, Officer Gooch formed the opinion that Ms. Simpson probably under the influence of drugs and posed a danger to herself and/or the public and could not safely operate a motor vehicle. (Gooch depo., 84:19-23.) Officer Gooch advised her that he was placing her under arrest and reiterated to her that she was going to have to submit to a chemical test. (Gooch depo., 88:5-19.) Ms. Simpson was transported to the County Jail and booked.

## II. ARGUMENT

### A. Standards Governing the Motion.

In seeking summary judgment the moving party must establish that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P., Rule 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A fact is "material" if it affects the right to recover under applicable substantive law. *Id.* The moving party must submit evidence that establishes issues upon which the movant bears the burden of proof; if the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). When the opponent bears the burden of proof at trial, the opponent must present affirmative evidence sufficiently probative such that a jury reasonably could decide the issue in favor of the opponent. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment. *Id.* at 587.

///

...
...
...

**B.   Officer Gooch Had Probable Cause To Arrest Ms. Simpson.**

Probable cause exists when, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Dubner v. City & Cnty of San Francisco*, 266 F.3d 959, 964 (9th Cir., 2001); *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 472 (9th Cir., 2007). Further, "'[P]robable cause means 'fair probability,' not certainty or even a preponderance of the evidence.'" *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (citing *Illinois v. Gates*, 462 U.S. 213, 246 (1983)). In addition, "'[b]ecause probable cause must be evaluated from the perspective of 'prudent [people], not legal technicians,' an officer need not have probable cause for every element of the offense...'" *Blankenhorn*, 485 F.3d at 472 (quoting *Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir.1994)).

In this case, at the time Officer Gooch decided to place Ms. Simpson under arrest, he had the following information: it had been reported that she was passed out in the Taco Bell drive through; when Sheriff's Officers tried to make contact with her at the Taco Bell, she ignored their orders to stop and drove right past them; once stopped, she refused their orders to get out of the car; in talking to her he observed that she was displaying extreme mood swings going from aggressive, agitated and combative to tired, confused and unresponsive; her eyes were watery; she was unable to keep her balance during the Romberg test; she was unable to track the blue tip of his pencil side to side during the gaze nystagmus test, and; she did not know what time of day it was and could not account for approximately ninety minutes of time from when she left her house to go to the Taco Bell and when the Sheriff's Officers contacted her consistent with having been passed out in the drive through. Based upon the totality of these circumstances, a reasonably prudent person, could form the opinion that there was a "fair probability" that Ms. Simpson was under the influence of drugs. As such, Officer Gooch is entitled to judgment as a matter of law.

**C.   Officer Gooch Is Entitled To Qualified Immunity.**

Officer Gooch is entitled to qualified immunity for Ms. Simpson's § 1983 claims. Qualified immunity provides "protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity:

is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Ibid. As a result, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."

*Saucier v. Katz*, 533 U.S. 194, 200-201 (2001)(quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)).

A public employee sued under § 1983 is entitled to qualified immunity unless Ms. Simpson can show that it would be obvious to a reasonable employee, similarly situated, that his behavior was unconstitutional. *KRL v. Estate of Moore*, 512 F.3d 1184, 1191 (9th Cir., 2007). If reasonable minds could differ, under the circumstances, as to whether the behavior was Constitutionally permissible, then qualified immunity is appropriate. *Id*.

A government official is entitled to qualified immunity unless (1) the official's conduct violated a constitutional right and (2) that right was clearly established at the time of the challenged conduct. *Carroll v. Carmen*, 574 U.S. ___, 135 S. Ct. 348, 350-351 (2014). A right is "clearly established only if its contours are sufficiently clear that a 'reasonable official would understand that what he is doing violates that right.'" *Id*. (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

In this case, Officer Gooch believed that based upon the information he received from other officers and through his own investigation and observations of Ms. Simpson that she could not safely operate a motor vehicle and posed a danger to herself and others. After administering field sobriety tests and talking to her, he formed the opinion that there was a "fair probability" that she was under the influence of drugs. Even if the court or other reasonable persons may disagree, it was not obvious that placing her under arrest would be unconstitutional. Officer Gooch is therefore entitled to qualified immunity. Judgment in his favor should be entered accordingly.

///

///

///

///

///

### III. CONCLUSION

Based upon all of the foregoing facts and reasons, Defendant respectfully requests that he be granted judgment as a matter of law.

Dated: March 25, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General


/s/ Kevin W. Reager

KEVIN W. REAGER
Deputy Attorney General
*Attorneys for Defendants*

SA2014311690
11779164.doc

## CERTIFICATE OF SERVICE

Case Name:  **Miya Simpson v. Officer Gooch (D 12931), et al.**     No.   2:13-cv-1483-JAM-AC

I hereby certify that on March 25, 2015, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 25, 2015, at Sacramento, California.

| Terry Lee Farster | /s/ Terry Lee Farster |
|---|---|
| Declarant | Signature |

11813747.doc